# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OLIVIA WILLIAMS,**

        **Plaintiff,**

**v.**                                **Case No:   6:17-cv-275-Orl-37GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

---

# REPORT AND RECOMMENDATION

    This is the third time that Olivia Williams (the "Claimant") has appeared before this Court, appealing a final decision of the Administrative Law Judge (the "ALJ"), finding her not disabled during the relevant time period and thus denying her application for Social Security disability insurance benefits. Doc. No. 1; R. 862. Claimant alleges a disability onset date of September 15, 2006, and a date last insured of September 30, 2009. R. 614-15. Claimant argues that the fourth and most recent decision by the ALJ on her application should be reversed for the following reasons: (1) substantial evidence does not support the ALJ's credibility determination; (2) the ALJ did not comply with the Appeals Council's instructions and perform a function-by-function residual functional capacity ("RFC") assessment; (3) substantial evidence does not support the ALJ's evaluation of the medical opinions in deciding Claimant's RFC; and (4) the ALJ did not properly consider the testimony of the vocational expert (the "VE"). Doc. No. 22 at 14-15, 19-24, 30-31, 35-36. It is recommended that the ALJ's final decision be **REVERSED** and these proceedings **REMANDED FOR AN AWARD OF BENEFITS**.

I.     **PROCEDURAL HISTORY**.

Claimant applied for Social Security disability benefits more than eleven years ago, on September 15, 2006. R. 194. After holding a hearing in 2009, ALJ Joseph A. Rose denied the application on March 27, 2009. R. 99. On July 30, 2009, the Appeals Council remanded the case back to the ALJ because the decision did not contain a function-by-function assessment of Claimant's ability to do work-related physical activities and the ALJ did not consider notes and testing from July 26, 2007, through September 11, 2007, from Dr. Hartley. R. 111-13. The Appeals Council directed the ALJ to do the following upon remand: (1) obtain additional evidence regarding Claimant's obesity and diabetic neuropathy; (2) evaluate the obesity impairment and further consider her maximum residual functional capacity during the entire period; (3) provide rationale with specific references to record evidence supporting the assessed limitations; (4) further evaluate Dr. Batson's treating source opinion pursuant to 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p and 96-5p; (5) explain the weight given to Dr. Batson's opinion evidence; and (6) "offer the claimant an opportunity for a new hearing, take any further action needed to complete the administrative record and issue a new decision." R. 113-14.

On September 14, 2009, ALJ Rose held a new hearing, R. 73, and on November 24, 2009, he issued a second decision again denying the application, R. 685. This time, the Appeals Council denied Claimant's request for review. R. 1-7. Claimant then made her first appearance in this Court on August 15, 2011, appealing the denial of benefits. Case No. 6:11-cv-1355-GJK, Doc. No. 1; R. 659. On February 6, 2013, the Court reversed the decision and remanded the case. R. 659-76. The decision was reversed because the ALJ did not comply with the Appeals Council's directive "to consider Dr. Hartley's notes and the results of the nerve conduction testing, and explicitly state

how they impact Claimant's RFC." R. 674. Additionally, the ALJ mischaracterized Dr. Hartley's findings and did not state with particularity the weight given to his findings and opinions. R. 675.

On December 23, 2013, a different ALJ (Michael Calabro) held a third hearing on Claimant's application after the case was remanded from this Court. R. 612. On April 16, 2014, the ALJ denied Claimant's application. R. 526. Claimant then made her second appearance before this Court. R. 950. On September 10, 2015 (nine years since Claimant first filed her application), the Court again reversed the ALJ's decision. R. 950-55. This time, the ALJ erred by not stating with particularity the weight given to Dr. Hartley's, Dr. Ranganathan's, and Dr. Jager's opinions, or the reasons for assigning them a particular weight. R. 954.

On July 22, 2016, on remand, ALJ Calabro held a fourth hearing on Claimant's application. R. 871. On October 6, 2016, he again issued an unfavorable decision. R. 849. It is this decision that brings Claimant before this Court for the third time in five years. Doc. No. 1.

## II.   STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court

must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS.

Claimant gives four reasons supporting reversal of the ALJ's decision: (1) substantial evidence does not support the ALJ's credibility determination; (2) the ALJ did not comply with the Appeals Council's instructions and perform a function-by-function RFC assessment; (3) substantial evidence does not support the ALJ's evaluation of the medical opinions in deciding Claimant's RFC; and (4) the ALJ did not properly consider the VE's testimony. Doc. No. 22 at 14-15, 19-24, 30-31, 35-36.

### A.  Credibility Determination

Claimant argues that the ALJ erred in weighing her credibility because the record shows that she suffered from the documented impairments, which would cause significant limitations. Doc. No. 22 at 34. Claimant contends that the ALJ did not offer any specific reasons for undermining her testimony or supporting the credibility determination. *Id.* at 35-36.

The ALJ did offer specific reasons for discounting Claimant's credibility. The ALJ stated in the decision that although the July 2007 nerve conduction study showed that Claimant had moderate peripheral polyneuropathy, she "had very mild polysensory neuropathy on monofilament testing at ten anatomical sites and her epicritic sensation and deep tendon reflexes were grossly intact in May 2009[.]" R. 858. The ALJ noted that Claimant did not have frequent infections, slow-healing sores, or renal insufficiency due to her diabetes since September 2006. R. 858. The ALJ

listed the physical things Claimant could do in November 2006, such as walking without assistive devices, heel to toe walking, and getting on and off of the examination table. R. 858. In September 2009, Claimant had normal flexion and extension of her legs, and in February 2010, her lumbar spine had "degenerative changes without evidence of significant stenosis or frank neural impingement . . . ." R. 858. The ALJ also noted that Claimant "had good relief of leg and foot pain with medications [and t]here is also no evidence that the [C]laimant has required surgery for a physical impairment during the period at issue." R. 858. Thus, the ALJ offered specific reasons for finding Claimant's testimony "not entirely consistent with the medical evidence and other evidence in the record . . . ." R. 856.

To agree with Claimant's argument that the ALJ's credibility determination was faulty because the record shows that Claimant suffered from the documented impairments, which would cause significant limitations, would result in a reweighing of the evidence, which this Court is not permitted to do. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). Accordingly, it is recommended that the Court reject Claimant's first alleged error.

### B. Function-by-Function RFC Assessment

Claimant contends that the ALJ did not comply with the Appeals Council's instructions when he failed to perform a function-by-function RFC assessment. Doc. No. 22 at 14-15. On July 30, 2009, the Appeals Council reviewed the ALJ's first decision in Claimant's quest for Social Security disability benefits and remanded the matter back to him. R. 112-14. In the Notice of Order, the Appeals Council stated that the ALJ's "decision did not contain a function-by-function assessment of the [C]laimant's ability to do work-related physical activities." R. 113. On remand, the ALJ was ordered to obtain additional evidence, evaluate the obesity impairment, give further consideration to Claimant's maximum RFC during the entire period at issue, provide rationale

with specific references to evidence of record in support of the assessed limitations, and further evaluate Claimant's treating source opinion and explain the weight given to it. R. 113.

Social Security Ruling 96-8p, regarding conducting a function-by-function assessment, states the following:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may [the] RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p (S.S.A. July 2, 1996). The functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945 are the claimant's physical abilities, mental abilities, and other abilities affected by the impairments. 20 C.F.R. § 404.1545(b), (c), (d); 20 C.F.R. § 416.945(b), (c), (d).

The ALJ determined that Claimant had the following RFC during the relevant time period:

> sedentary work as defined in 20 CFR 404.1567(a) except she occasionally was able to climb ramps and stairs, but could never climb ladders, ropes or scaffolds. She occasionally was able to stoop, crawl, crouch, kneel, balance, and push and pull with her legs. She must avoid work at unprotected heights and around dangerous moving machinery. She required a sit/stand option allowing sitting for one hour and standing for five minutes, while staying on task.

R. 855.

Nowhere in the decision does the ALJ assess Claimant's "work-related abilities on a function-by-function basis . . . ." SSR 96-8P. Instead, the ALJ recounts the medical evidence and Claimant's activities of daily living. R. 855-60. The ALJ states the following in setting forth why the evidence does not support Claimant's allegations that she cannot work: "While the claimant would require work at the sedentary exertional level with a sit stand/option and limitations in postural and environmental activities, those restrictions would reasonably accommodate the

claimant's physical symptoms." R. 859. But no connection is drawn between Claimant's impairments and the limitations imposed by the RFC. The ALJ does not explain his analysis regarding Claimant's physical, mental, or other abilities. As the ALJ failed to perform a function-by-function analysis under either SSR 96-8p or the Appeals Council's Notice of Order, it is recommended that the ALJ's decision be reversed.

### C.  Medical Source Opinions

Claimant argues that substantial evidence does not support the ALJ's evaluations of the medical source opinions in deciding her RFC. Doc. No. 22 at 19-23. "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Without those reasons, the reviewing court cannot determine whether the ALJ's decision was rational and supported by substantial evidence, and it will not affirm, even if there is some basis that supports the ALJ's decision. *Id.* In *Winschel*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite her impairments; and the claimant's physical and mental restrictions; the statement constitutes an opinion, which requires the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d at 1178-79 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error). Medical opinions are judgments regarding the nature and severity of the claimant's impairments. *Lara v. Comm'r of Soc. Sec.*, No. 16-16247, 2017 WL 3098126, at *5-6 (11th Cir. July 21, 2017) ("A medical provider's treatment notes may constitute medical opinions if the content reflects judgment about the nature and severity of the claimant's

impairments.").[1] An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962-63 (11th Cir. 2015) (reversible error for ALJ to fail to state weight given to non-examining physician's opinion).

### 1. Dr. Batson

Dr. Batson was Claimant's treating physician during the relevant time period. R. 392-93, 410-13. Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).

The ALJ must "clearly articulate the reasons" (i.e. good cause) for giving a treating doctor's opinion less than substantial weight. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Failure to do so is reversible error. *Id.* When the ALJ clearly articulates "specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." *Gilabert v. Comm'r of Soc. Sec.*, 396 F. App'x 652, 655 (11th Cir. 2010).

Dr. Batson, on an application for a disabled parking permit, checked the boxes that Claimant has a long term disability and a severe limitation in her "ability to walk due to an arthritic, neurological, or orthopedic condition." R. 410. Regarding this opinion, the ALJ stated that it was "non-persuasive" and that he did not afford it any special weight. R. 859. The ALJ stated that he

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

did not afford Dr. Batson's opinion "special weight" because Dr. Batson stated that Claimant was disabled, which is not an opinion regarding the nature and severity of her impairment and is an issue reserved to the Commissioner. R. 859. The ALJ also found Dr. Batson's opinion "non-persuasive because the opinion is conclusory in that the findings are less severe than the conclusion drawn and there is very little explanation of the evidence relied on in coming to that opinion." R. 859. Later in the decision, however, the ALJ assigned substantial weight to Dr. Batson's diagnosis and treatment of Claimant's leg injury. R. 860.

First, although determining whether the claimant is disabled is an issue reserved to the Commissioner, the ALJ must still consider the treating physician's opinion on this matter. *Harrah v. Comm'r of Soc. Sec.*, No. 8:16-CV-293-T-JSS, 2017 WL 711245, at *4 (M.D. Fla. Feb. 23, 2017) ("If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record[,]" *quoting* SSR 96–5p (S.S.A. July 2, 1996)).

Second, Dr. Batson's opinion also indicated a functional limitation, i.e., that Claimant could not walk 200 feet due to an arthritic, neurologic, or orthopedic condition, which is not an issue reserved to the Commissioner to decide. R. 435. The ALJ failed to weigh that functional limitation from Dr. Batson's opinion.

Third, labelling Dr. Batson's opinion as "non-persuasive" and stating that it is not accorded "special weight" does not satisfy the requirement for clearly articulating the weight given to the opinion. "Non-persuasive" gives no indication of what weight, if any, was given to the opinion. Thus, the ALJ erred in failing to weigh the functional limitation contained in Dr. Batson's opinion and in failing to state with particularity the weight given to the balance of Dr. Batson's opinion.

*See Winschel*, 631 F.3d at 1179 ("[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor.").

In finding Dr. Batson's "opinion non-persuasive because the opinion is conclusory in that the findings are less severe than the conclusion drawn[,] R. 859, the ALJ does not articulate Dr. Batson's allegedly less severe findings. An ALJ's conclusory statements to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show the decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). An ALJ's failure to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). Thus, blanket statements or conclusions are not sufficient to support an ALJ's decision.

The ALJ's second reason for finding Dr. Batson's opinion "non-persuasive"—that "there is very little explanation of the evidence relied on in coming to that opinion"—is also not supported by substantial evidence. Dr. Batson checked the box that Claimant has a long term disability and cannot walk 200 feet due to a severe limitation in her ability to walk due to an arthritic, neurologic, or orthopedic condition. R. 435. The explanation of the opinion that Claimant has a severe limitation in her ability to walk is that it is due to an arthritic, neurologic, or orthopedic condition. R. 435. This is a specific condition resulting in a severe limitation. As the ALJ failed to clearly

articulate the weight given to Dr. Batson's opinion, failed to weigh a specific functional limitation in Dr. Batson's opinion, and failed to provide a good cause reason supported by substantial evidence to discount Dr. Batson's opinion, it is recommended that the Court reverse the ALJ's decision.

### 2.  Dr. Hartley and Dr. Jager

Claimant argues that although the ALJ gave the opinions of Dr. Hartley and Dr. Jager substantial weight, it is not clear how those opinions factored into the ALJ's RFC determination of sedentary work. Doc. No. 22 at 23-24. Claimant points to Dr. Hartley's conclusion that Claimant was experiencing "polyneuropathy primarily sensory with some demyelinating features, likely secondary to diabetes" and "chronic severe foot pain secondary to neuropathy[,]" R. 416, and Dr. Jager's opinion that Claimant had "bilateral foot pain with neuropathic component, possibly secondary to diabetes[,]" R. 422, 425. Doc. No. 22 at 24. Claimant does not, however, point to any limitations Dr. Hartley or Dr. Jager articulated in their opinions. The ALJ imposed the significant limitation of sedentary work, and, without an opinion from Dr. Hartley or Dr. Jager imposing a more severe limitation, Claimant's argument is unavailing.

### D.  The VE's Testimony

Claimant argues that the ALJ improperly considered the VE's testimony because the hypothetical question he posed to her did not adequately reflect Claimant's limitations and the VE could not give an exact number of jobs available that Claimant could perform. Doc. No. 22 at 30-31.

At step five of the sequential evaluation process, if a claimant proves she cannot return to her past relevant work, the burden shifts to the Commissioner to show the claimant can perform other jobs which exist in significant numbers in the national economy. *Gibson v. Heckler*, 762 F.2d

1516, 1518–19 (11th Cir. 1985). Generally, an ALJ may satisfy this burden through the testimony of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country. 20 C.F.R. § 416.966(a).

The VE testified that a person with Claimant's RFC could perform four jobs: telephone solicitor, order clerk, charge account clerk, and final assembler. R. 878-79. She testified that, in the national economy, there are approximately 371,000 telephone solicitor jobs, 20,000 order clerk jobs, 17,000 charge account clerk jobs, and 7,000 final assembler jobs. *Id.* The VE relied on the Occupational Employment Quarterly for this information. R. 881-82. When cross-examined, the VE admitted that these totals represent the number of jobs for a group of jobs to which these positions belong. R. 881-82. The VE could not say how many of each particular job exists within those numbers or how many different types of jobs are included within the group of jobs. R. 882. Thus, the VE's total jobs numbers were for a particular group, but the VE did not know either the size of the group or how many of the total jobs numbers were attributable to the specific jobs the VE said Claimant could perform.

Additionally, the RFC upon which the VE's testimony was based included the limitation that the person could sit for one hour, then take a five-minute break to stand. R. 878. The VE testified that permitting this sit/stand option would depend on the employer allowing alternating positions, and "the number of employers that would do that is just unknown[.]" R. 881. The VE's testimony contains numerous relevant unknowns such that a reasonable person would not accept it as adequate to support the conclusion that there are other jobs that Claimant can perform that exist in significant numbers in the national economy. As this was the only evidence before the ALJ regarding this issue, the Commissioner failed to carry her burden of showing that Claimant can

perform other jobs which exist in significant numbers in the national economy. Thus, it is recommended that the ALJ's decision be reversed. *See Hensley v. Colvin*, 89 F. Supp. 3d 1323, 1330-31 (M.D. Fla. 2015) (reversing ALJ's decision where VE could only "guesstimate" the number of jobs available to the claimant during the relevant time period).

### E.  Remedy

As discussed above, the ALJ reversibly erred in denying Claimant's application for disability insurance benefits. The final issue is whether this case should be remanded to the Commissioner for a fourth time, and possibly a fifth ALJ decision, or whether the Court should order a remand for payment of benefits. Claimant asks "that the decision of the Commissioner be reversed, and Disability Insurance benefits be granted to the [Claimant] under the Social Security Act . . . ." Doc. No. 22 at 37.

Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (reversing for an award of benefits after finding that claimant suffered an injustice).

As discussed above, among other errors, the Commissioner failed to meet her burden at step five of the sequential evaluation process. Thus, Claimant is disabled under the Social Security Act. After eleven years, four hearings before two different ALJs, and three appeals to this Court, Claimant still has not received an adequate review of her entitlement to benefits. This is a grave injustice. In *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), the Commissioner did not present any evidence supporting the Commissioner's burden of showing that the claimant was "capable of engaging in some substantial gainful activity." The court held that the claimant

suffered an injustice "[d]ue to the perfunctory manner of the hearing, the quality and quantity of errors pointed out, and the lack of substantial evidence to support the ALJ's decision . . . ." *Id.* Thus, the court reversed and remanded for entry of judgment in the claimant's favor. *Id.* The same result is warranted here. The quantity of errors over the preceding eleven years and the Commissioner's failure to meet her burden in proving that there are other jobs which exist in significant numbers in the national economy that Claimant can perform warrant remanding this case and directing an award of benefits. *See generally Davis v. Barnhart*, 377 F. Supp. 2d 1160, 1164 (N.D. Ala. 2005) (reversing for an award of benefits and finding the claimant disabled under the Social Security Act where the Commissioner failed to carry her burden at step five of showing the plaintiff could perform other work).

## IV.  **CONCLUSION**.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), **for the Commissioner to calculate an award of benefits**; and

2. The Clerk be directed to enter judgment for Claimant and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on January 17, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

W. Stephen Muldrow
Acting United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Malinda Hamann, Acting Regional Chief Counsel
John C. Stoner, Acting Deputy Regional Chief Counsel
Beverly E. Williams, Acting Branch Chief
Ashley M. Johnson, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Michael Calabro
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801