UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OLIVIA WILLIAMS,

     Plaintiff,

v.                                Case No. 6:17-cv-275-Orl-37GJK

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____

## **ORDER**

     In this social security appeal, Plaintiff challenges the Commission of Social
Security's ("**the Commissioner**") decision to deny her disability benefits. (Doc. 1.) On
January 17, 2018, U.S. Magistrate Judge Gregory J. Kelly issued a comprehensive Report
and Recommendation ("**R&R**") chronicling Plaintiff's eleven year quest to obtain
benefits. (Doc. 23.) As summarized in the R&R, the record reveals that Plaintiff has not
received an adequate review of her entitlement to benefits despite "four hearings before
two different Administrative Law Judges [("**ALJ**")], and three appeals to this Court." (*Id.*
at 13.)

     In the instant appeal, Plaintiff contends that the ALJ erred by: (1) failing to comply
with the Appeal Council's remand instructions directing him to perform a
function-by-function residual functional capacity ("**RFC**") assessment; (2) improperly
evaluating three medical opinions in deciding the appropriate RFC; (3) failing to properly
consider the testimony of the vocational expert; and (4) making a credibility

determination not supported by substantial evidence. (Doc. 22, pp. 12–15, 19–24, 30–31, 34–36.) Consequently, Plaintiff requests reversal of the Commissioner's decision and an award of benefits or, alternatively, further administrative proceedings. (*Id.* at 37.)

Magistrate Judge Kelly agrees with Plaintiff's first, second, and third assignments of error. So he recommends that the Court remand this action and direct an award of benefits based on the grave injustice that Plaintiff has suffered from: (1) the "quantity of errors over the preceding eleven years"; and (2) the Commissioner's failure to carry her burden of "proving that there are other jobs which exist in significant numbers in the national economy that [Plaintiff] can perform." (Doc. 23, pp. 7, 11, 13, 14.) No party objected to the R&R, and the time for doing so has now passed.

Absent objections, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no clear error, the Court concludes that the R&R is due to be adopted in its entirety. The Court, therefore, finds that the Commissioner's decision is due to be reversed. Indeed, this is the right result; the Commissioner cannot use the Court as a revolving door until she gets it right. This is especially true in the absence of any cause for optimism that the fate of the next remand will be any different than its predecessors. Plaintiff has been denied benefits long enough, and her wait ends today.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 23) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. The Commissioner's decision is **REVERSED** and **REMANDED**. On remand, the Commissioner is **DIRECTED** to calculate an award of benefits.

3. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff Olivia Williams and against Defendant Commissioner of Social Security, and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 5, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record