UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OLIVIA WILLIAMS,

    Plaintiff,

v.                                        Case No. 6:17-cv-275-Orl-37GJK

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

In this social security appeal, Plaintiff sought review of the Commissioner of Social Security's (the "**Commissioner**") decision to deny her disability benefits. (*See* Doc. 1.) On February 6, 2018, the Court reversed the Commissioner's final decision and remanded the action for further administrative proceedings. (Doc. 24.) The following day, the Court entered judgment in favor of Plaintiff. (Doc. 25.)

As the prevailing party, Plaintiff now: (1) seeks an award for attorney fees under the Equal Access to Justice Act ("**EAJA**") in the amount of **$6,197.62**; and (2) requests that, if the U.S. Department of Treasury determines that she does not owe a debt to the U.S. Government, the Commissioner honor Plaintiff's assignment of the EAJA fees and pay those fees directly to his counsel.[1] (Doc. 26 ("**Fees Motion**").) On referral, U.S. Magistrate Judge Gregory J. Kelly recommends that the Court grant the Fees Motion

---

[1] On April 24, 2018, Plaintiff assigned her right to any fees awarded under the EAJA to her counsel. (*See* Doc. 26-3 ("**Assignment**").)

-1-

in part. (Doc. 27 ("**R&R**").)

In his R&R, Magistrate Judge Kelly concludes that: (1) Plaintiff is entitled to the full amount of the requested EAJA fees; and (2) the hours worked and the hourly rate underlying the award are reasonable. (*Id.* at 2.) Magistrate Judge Kelly, however, recommends that the Court deny the Fees Motion as to Plaintiff's request to pay the EAJA fees directly to her counsel and notes that an assignment made prior to the award of attorney fees "necessarily violates the Anti-Assignment Act because the claim has not been allowed, the amount of the claim has not been decided, and a warrant for the claim has not been issued." (*Id.*) So he recommends awarding the EAJA fees to Plaintiff. (*Id.* at 3.)

No party objected to the R&R, and the time for doing so has now passed. Absent objections, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no clear error, the Court concludes that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 27) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. Plaintiff's Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 26) is **GRANTED IN PART** to the extent identified in the R&R. In all other respects the Fees Motion is **DENIED**.

3. The Court awards Plaintiff Olivia Williams attorney fees under the EAJA in

the amount of **$6,197.62**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 4, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record